```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION

UNITED STATES OF AMERICA       )
                               )
           v.                  )    CRIMINAL NO. 2:05 CR 179
                               )
LARRY GUY SMITH                )
```

DETENTION ORDER AND OPINION

At the October 11, 2005 initial appearance, the government requested that the defendant, Larry G. Smith, be held without bond.  A detention hearing was scheduled for October 13, 2005. After several requests for continuances filed by the defendant, a detention hearing was conducted on December 7, 2005.  The court now makes the following findings of fact:

1. The defendant currently is charged in a three count indictment with violations of 18 U.S.C. ßß 2252(a)(2) and (a)(3)(B).  If convicted, the defendant faces a mandatory minimum sentence of five years imprisonment and a maximum sentence of 20 years imprisonment on both counts.

2.  At the detention hearing, the government supplemented the prebond report prepared by the United States Probation Department and the Criminal Complaint filed on October 11, 2005, with the testimony of FBI Agent William Noser.  The defendant proffered evidence.

3.  On August 24, 2005, FBI Agent Kenneth A. Jensen, Jr., was monitoring the internet in an effort to identify individuals who were distributing child pornography.  Agent Jensen entered a chat room entitled "#100%PreTeenGirlSexPics."  Agent Jensen

encountered the defendant using the name "YUHSUH" who was advertising an "f-server" to exchange images of child pornography.

4.  Under the rules established by the defendant, the "f-server" could be used to exchange images of child pornography. An individual was required to upload files containing child pornography before he could download similar files.

5.  On August 24, 2005, Agent Jensen uploaded corrupted files to the "f-server." These files had titles indicating that they contained child pornography but they could not be opened by the defendant or any other recipient. In exchange, Agent Jensen received files containing both photos and videos depicting child pornography.

6.  Federal agents determined that the defendant was the individual using the name "YUHSUH" in the chat room and also obtained his address. A federal search warrant was obtained, and the defendant's apartment at 6607 Tennessee, Hammond, Indiana, was searched on October 11, 2005.

7.  During the search, six computers were recovered. Federal agents have not had sufficient time to conduct a detailed search of each computer, but a preliminary search has revealed additional child pornography.

8.  Some of the children depicted in the images recovered from the defendant's computer were as young as two years old. In some of the images, the children were engaged in sexual conduct with adults. Some of the images also depicted bestiality and sadism.

9. The search was conducted at 7:00 A.M. The defendant was asleep on the bedroom floor, and a 16 year old girl was asleep in the same bedroom. The defendant is 23 years old.

10. Both the defendant and the 16 year old girl denied that any sexual activity occurred between them.

11. Federal agents also covered a loaded handgun during the search.

12. After the search, the defendant was placed under arrest and advised of his *Miranda* warnings. In a statement, the defendant admitted to operating the f-server and trading images of child pornography. In particular, he stated, "I started the f-server to get more pornography for my viewing pleasure." The defendant also stated, "As I started to view the child pornography, I noticed that I was becoming sexually aroused by the photographs and videos. I did not feel comfortable with these emotions, but I continued to view more photographs and videos of child pornography." (Defendant's statement, p. 1)

13. According to the defendant, he shut down the f-server in August 2005 "because I felt like I was losing control of my feelings towards child pornography." (Defendant' statement, pp. 1-2)

14. On July 11, 2003, the defendant was convicted of possession of a controlled substance, a Class A misdemeanor.

15. On April 27, 2005, the defendant was arrested and charged with possession of an explosive. The defendant was released on bond that same date. In a proffer, the defendant

3

indicated that he was hired by his father to clean out an apartment which his father had rented to a third party and that he found the explosive device in the apartment.  According to the defendant's proffer, he placed the explosive in his car rather than placing it in a garbage can.

Under 18 U.S.C. ß3142(e), a defendant may be detained as a danger to the community if he is charged with a crime of violence under Section 3142(f)(1)(A).  Under Section 3156(a)(4)(C), a "crime of violence" is defined as "any felony under chapter 109A, 110, or 117 . . . ." (Specifically 18 U.S.C. ß2251(c)).  Because the indictment alleges a crime of violence, the government is entitled to a rebuttable presumption that the defendant is a danger to the community.

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ." Section 3142(e) While the defendant was on bond for a felony, he established an f-server to trade child pornography.  The defendant obtained both still photographs and videos, and some of the children were as young as two years old.  The collection also included sadistic conduct and bestiality.

The defendant also gave a statement admitting that he was "losing control of my feelings towards child pornography."  When federal agents executed the search warrant, they discovered that the defendant had spent the night with a 16 year old girl.

4

Because of today's technology, it is virtually impossible to assure that someone released on bond never will have access to a computer.

Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.  The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. ß 3142(e)

Pursuant to 18 U.S.C. ß3142(i), it is further **ORDERED** that:

- A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 13th day of December, 2005

s/Andrew P. Rodovich
United States Magistrate Judge

5