UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 2:05 CR 179 |
| ) | |
| LARRY GUY SMITH ) | |

## OPINION and ORDER

This matter is before the court on defendant Larry Guy Smith's *pro se* motion for reconsideration of this court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c). (DE # 147.) For the reasons that follow, the motion will be denied.

In November 2020, this court denied defendant's motion for compassionate release. (DE # 145.) Defendant had presented two grounds for relief. First, defendant argued that the conditions in his particular prison placed him at risk of contracting COVID-19. (DE # 137 at 1.) Second, he argued that there is a sentencing disparity between his case and others from this court.[1] (*Id.*)

This court determined that defendant was not entitled to compassionate release. (DE # 145.) First, this court determined that defendant failed to exhaust his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). Second, this court determined that, even if defendant had met the exhaustion requirement, his motion would be denied on the basis that he had not established that there is an extraordinary and compelling reason to grant him early release from prison. This court determined

---

[1] Defendant does not move for reconsideration with respect to this second ground.

that defendant's medical conditions (shoulder pain, Gastroesophageal reflux disease (GERD), irritable bowel syndrom (IBS), a claim that he has undiagnosed high blood pressure, and his history as a smoker) and the conditions of his prison, did not warrant his early release from prison because the facility where he is incarcerated, FCI Loretto, had zero inmate cases of COVID-19 at its facility at the time this court issued its order.

Defendant now moves for reconsideration of this court's order regarding his risk of contracting COVID-19. (DE # 147.) First, defendant argues that this court should excuse his failure to exhaust on the basis that, by now, the 30 day time period in which the facility had to respond to his request has lapsed. (*Id.* at 2.) Defendant does not say whether he ever received a denial of his request. Next, defendant argues that his prison had an outbreak of COVID-19, and that the spread of the virus was poorly controlled by the prison. (*Id.*) He states that inmates in every unit of the institution tested positive for the virus, including defendant, and that the court did not address his positive test results in its previous order. (*Id.*)

While there is no direct authority in the Federal Rules of Criminal Procedure to bring a motion for reconsideration, the Supreme Court has held that "motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75 (1964)). A court may reconsider a prior decision in only limited circumstances, such as when "there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a

2

party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal citation and quotation marks omitted).

Here, defendant has not produced any reason for this court to reconsider its determination that his motion must be denied for failure to exhaust. Dismissal for failure to exhaust is mandatory when the issue is properly asserted by the Government, as it was in this case, and thus the court had no discretion to grant compassionate release. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). The court must deny defendant's motion for reconsideration on this basis alone.

However, even if defendant had exhausted his administrative remedies, nothing in defendant's motion for reconsideration changes this court's initial conclusion that he failed to establish an extraordinary and compelling reason for his early release from prison. True, this court inadvertently did not address defendant's claim that he had tested positive for COVID-19. However, in the amendment to his motion where he made this claim, defendant did not identify any physical symptom he experienced as a result of his infection, instead focusing on the number of toilets and sinks in his quarantine room, and the lack of blankets, linen, and hygiene kits. (DE # 137 at 57-58.)

3

These allegations would not have convinced this court that there was an extraordinary and compelling reason to grant defendant compassionate release.

Defendant now claims that, prior to his quarantine, he was experiencing shortness of breath, body aches, and a dry and cracked nose with some bleeding. (DE # 147 at 6.) He initially attributed these symptoms to allergies, lack of movement during lockdown, and his attempts to get back into physical shape. (*Id.* at 6-7.) According to defendant, during his quarantine he experienced shortness of breath and a cough. (*Id.* at 7.) After being deemed recovered by medical staff, he again began to experience a dry and cracked nose, a nose bleed approximately once a week, shortness of breath during activity, elevated heart rate without activity, complications with his IBS, and burning sensations during the night in his lungs, throat and nose, particularly after exercise. (*Id.*) When defendant informed medical staff of his symptoms, he was informed that he would be placed on a list to see a medical provider as scheduling permitted, and was informed that he had a chronic care clinic already scheduled in a few months' time. (*Id.* at 8.) He claims that in the month since he requested medical attention regarding his lingering symptoms, he still has not been seen. (DE # 148.) Defendant argues that the virus is not well-controlled at his prison, and he fears reinfection. (DE # 147 at 9.)

Even if defendant had exhausted his administrative remedies, he would not be entitled to compassionate release because neither his lingering symptoms, nor the conditions of his prison, rise to the level of an extraordinary and compelling reason for compassionate release. Defendant's lingering symptoms, while certainly unpleasant for

4

defendant, are not so severe as to warrant a reduction in his term of imprisonment. Moreover, his risk of reinfection appears remote. Since this court's order denying his motion, FCI Loretto has maintained control over the spread of the virus. The Bureau of Prisons (BOP) reports that there are currently zero inmates who have tested positive for COVID-19 at the facility. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Apr. 9, 2021). Moreover, while the BOP reports that 15 staff members currently have COVID-19, *id.*, there is no reason to believe that these staff members are currently reporting to work within the prison. The BOP is also currently vaccinating inmates and staff at FCI Loretto, with 128 staff members and 350 inmates now fully vaccinated against COVID-19, *id.* – further decreasing defendant's risk of reinfection. Considering defendant's circumstances as a whole, no basis exists for disturbing this court's earlier ruling.

Accordingly, the court **DENIES** defendant's motion for reconsideration. (DE # 147).

**SO ORDERED.**

Date: April 9, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

5